HAROLD LEVINSON ASSOCIATES, INC., a Corporation, and Edward Berro, Individually and as President, Defendants–Appellants,

v.

Elaine L. CHAO, Secretary of Labor, United States Dep't of Labor, Plaintiff–Appellee.

Docket No. 01–6105.

United States Court of Appeals, Second Circuit.

May 22, 2002.

Robert E. Goldman, Esq., Goldman & Weintraub, New York, NY, for Defendants–Appellants.

Joan Brenner, Esq. (Eugene Scalia, Steven J. Mandel, Paul L. Frieden, on brief), U.S. Dept. of Labor, Office of the Solicitor, Washington, DC, for Plaintiff–Appellee.

Present OAKES, KATZMANN, Circuit Judges, and J. GARVAN MURTHA,[2] District Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED** in part, and **VACATED AND REMANDED** in part.

The defendants appeal the decision of the District Court following a bench trial finding the defendants liable for a failure properly to pay overtime compensation as required by 29 U.S.C. § 207(a), and awarding total damages of $991,669.16 to plaintiff for distribution to employees and to former employees of the defendants. For the reasons that follow, we affirm the District Court's finding of liability, but remand for partial recalculation of damages.

We review a district court's bench trial findings of fact for clear error and its conclusions of law *de novo*. *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir.1999). Factual findings "will not be set aside unless they are without adequate support in the record, are against the clear weight of the evidence, or are the product of an erroneous view of the law." *Ezekwo v. New York City Health & Hosps. Corp.*, 940 F.2d 775, 780 (2d Cir.1991).

■ The District Court's finding that the defendants had failed properly to record overtime hours and pay proper compensation for such hours is not clearly erroneous. Several former employees, all of whom the District Court found "credible," testified that they in many weeks worked more hours than they were paid for, and that the defendants' time records did not properly reflect hours worked. The defense offered no witnesses to rebut the testimony of the employees who testified for the plaintiff. The District Court's findings about various irregularities within the defendants' payroll system—that employees received steady pay regardless of hours worked even though no prepayment plan was in effect, that no pay stubs were provided during part of the period in question, and that even after pay stubs were distributed, such pay stubs did not indicate hours worked—were also based on ample evidence and are not clearly erroneous.

A plaintiff need not compute FLSA damages with precision. The burden is on an employer properly to record hours, and an employee need only as a *prima facie* matter present an estimate of damages

---

2. The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

that is satisfactory as "a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). It then falls upon the employer to rebut the employee's prima facie case by providing "evidence of the 'precise amount of work performed' or evidence to 'negative the reasonableness of the inference to be drawn from the employee's evidence,' [and if the employer fails to do so] the court may then 'award damages to the employee[s], even though the result be only approximate.'" *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 67 (2d Cir.1997) (quoting *Mt. Clemens*, 328 U.S. at 687–88). In this case, the District Court reasonably chose to discredit the attempts by the employer to utilize its own records to prove hours worked. Thus, the plaintiff needs merely to offer an estimate of damages that is satisfactory as a matter of reasonable inference.

This burden is not high, and a "representative sample" of employees can provide a foundation for assumptions about the overall employee pool, as long as a representative from each relevant category of employees testifies. *See Southern New England Telecommunications Corp.*, 121 F.3d at 66–67 (internal citations omitted) ("it is well-established that the Secretary may present the testimony of a representative sample of employees as part of his proof of the prima facie case under the FLSA. The Secretary's burden in such cases, while not overly onerous, is to establish a prima facie case.").

The parties stipulated that calculation of hours for the period during which a time-clock was in place (the "ADP period") would be based on such time-clock. The plaintiff used the wage rates found in the defendants' payroll records in order to calculate the damages. We find this calcula-

tion method clearly reasonable, and also find reasonable the decisions of the plaintiff with respect to estimating weekly hours for the three salaried employees and the employees who were paid bi-weekly. We therefore affirm the District Court's award of $91,758.50 for the ADP period.

■ The PCX period calculations present more difficult issues. As a general matter, we find reasonable the plaintiff's attempt to use the data derived from the time-clock as a basis for reconstructing the hours worked during the period (the "PCX period") preceding the installation of the time-clock. Representatives of each relevant employee category testified that hours worked had remained steady throughout the PCX and ADP periods, and the District Court specifically found that employees generally worked similar hours during these two periods. The defendants object to the importation of ADP records by asserting that the company grew by 25% from the PCX period to the ADP period, and that the ADP interval contained two holiday seasons (rather than the one found during the PCX period), which were especially busy. For these reasons, the defendants argue that importing the ADP figures into the PCX period overstates the Paychex hours. This argument is not without some force. However, it was the defendants' responsibility accurately to record hours. In the absence of credible recordkeeping by the defendants, and given the testimony that hours remained stable across the two periods, we find that reference to the ADP figures provides a reasonable method of calculating PCX period damages.

We are unable, however, to accept the importation of the average weekly hours worked for the ADP period as the assumed number of hours worked for each given week during the PCX period. The time-clock records demonstrate that hours

tended to fluctuate from one week to the next. Given this reality and given that many of the derived PCX hours are based on departmental rather than individual averages, we find that actual hours worked by each individual employee for each specific PCX week cannot be derived as a matter of reasonable inference. Because damages are awarded for weeks during which the derived hours exceeded the payroll record hours, but not offset by weeks during which the payroll records exceed the derived hours, assuming that in each week of the PCX period each employee worked precisely the *average* number of hours worked unfairly penalizes the defendants. We therefore remand for computation of damages (for all employees other than Steven Hladek, Sylvia Capizzi, and Edward Krulish, with respect to whom we affirm the damage amounts for both the ADP period and the PCX period) based on comparison of the total hours worked by each employee for the entire PCX period (computed by multiplying the imported ADP weekly average by total PCX period weeks worked) against total hours compensated for the PCX period. We leave to the District Court's discretion the issue of what pay rate should be used for computing PCX period damages where an employee's pay rate changed during the PCX period.

■ We reject the defendants' argument that their purported "overpayments" of overtime in certain weeks should offset their liability for other weeks. The District Court found (correctly, in our view) that the defendants did not have a valid prepayment plan complying with 29 U.S.C.

§ 207(f) or with the guidance set forth in Wage and Hour Division Interpretive Bulletin No. 4, ¶¶ 53–67. While there is a difference of authority with respect to whether premium pay which is creditable pursuant to 29 U.S.C. § 207(h) may be credited across pay periods, *compare Howard v. City of Springfield,* 274 F.3d 1141, 1149 (7th Cir.2001) ("Because the statute contemplates that overtime will be paid and calculated on a pay period basis, it is consistent with that language to calculate and apply credits in the same manner") with *Abbey v. City of Jackson,* 883 F.Supp. 181, 186–87 (E.D.Mich.1995) (not allowing a credit across pay periods would result in a "windfall and the purposes and goals of the statute would not be served"), this case does not involve payments that satisfy the requirements of that provision. The purported "overpayments" are largely based on nothing more than assumptions that were stipulated for trial, and provide no basis for a credit.[3]

■ We also agree with the District Court that the defendants' violations were "willful" within the meaning of 29 U.S.C. § 255(a), and that the defendants do not satisfy the good faith reasonable belief exception to liquidated damages provided by 29 U.S.C. § 260. A FLSA violation is willful when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Herman v. RSR Security Services Ltd.,* 172 F.3d 132, 141 (2d Cir. 1999) (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)). "The employer

---

3. Our decision in this regard is not inconsistent with our decision to remand. Our decision to remand effectively gives the defendants the benefit of a credit for the PCX period, but does so not because as a matter of law the defendants are entitled to credit one week's overpayment against another week's

liability, but because of the lack of foundation for the plaintiff's actual computations of weekly hours for the PCX period. For the ADP period (where the estimated hours are based directly on the time-clock), we decline to award any credits or to order a comparison of aggregate figures for the entire period.

bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception. To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them." *RSR Security Services,* 172 F.3d at 141–42. The defendants' attempt to subvert an earlier settlement with the plaintiff, and the defendants' utter failure to implement proper recordkeeping even after the investigation giving rise to such settlement, support the finding that the defendants' violations were willful and not rooted in a good faith reasonable belief that its practices complied with FLSA.

Finally, we affirm the District Court's holding that employees Steven Hladek, Sylvia Capizzi, and Edward Krulish were not exempt from the overtime requirements of the FLSA. All three employees performed some managerial functions, but lacked the discretionary role in the organization required to satisfy the "bona fide executive, administrative, or professional capacity" exception provided in 29 U.S.C. § 213(a)(1). It appears that the District Court declined to award liquidated damages to Edward Krulish, presumably because of the closeness of the exemption issue. We affirm this decision.

Thus, the sole issue for resolution on remand is calculation of damages for the PCX period for employees other than Steven Hladek, Sylvia Capizzi, and Edward Krulish. In all other respects, we affirm the judgment of the District Court. The judgment of the District Court is **AF-FIRMED** in part, and **VACATED AND REMANDED** in part.