Elaine L. CHAO, Plaintiff-appellee,

v.

HAROLD LEVINSON ASSOCIATES, INC., A Corporation, and Edward Berro, Individually and as President, Defendant-appellants.

No. 04–0509–CV.

United States Court of Appeals, Second Circuit.

Feb. 23, 2005.

Robert E. Goldman, New York, N.Y. (Andrew M. Lankler, Idelle R. Abrams, Lankler & Carragher, LLP, New York, NY, on the brief), for Appellant.

Joan Brenner, Attorney, United States Department of Labor, Office of the Solicitor, Washington, DC (Howard M. Radzely, Solicitor of Labor, Steven J. Mandel, Associate Solicitor, Paul L. Frieden, Counsel for Appellate Litigation, on the brief), for Appellee.

PRESENT: SOTOMAYOR, KATZMANN, Circuit Judges, and CEDARBAUM, District Judge.*

### SUMMARY ORDER

Defendant-appellants Harold Levinson Associates and Edward Bello appeal from a December 31, 2003 judgment entered in the United States District Court for the Eastern District of New York (Charles R. Wolle, J., sitting by designation). We assume the parties' familiarity with the facts and procedural history of this case. On this appeal, defendant-appellants Harold Levinson Associates and Edward Bello raise two issues previously decided by the district court and this Court. *See Harold Levinson Assocs., Inc. v. Chao,* 37 Fed. Appx. 19 (2d Cir.2002); *Herman v. Harold Levinson Assocs., Inc.,* No. CV–95–1721, 2001 WL 34088698 (E.D.N.Y. Apr.20, 2001). They argue (1) that they are entitled to a credit of $529,000 against their liability under Section 7(h) of the Fair Labor Standards Act, 29 U.S.C. § 207(h), and (2) that the formula for computation of damages specified by this Court on remand does not yield a just and reasonable approximation of overtime hours worked because it fails to take into account the growth of defendants' business over time.

We note that the district court was correct that these issues were decided against defendants in this Court's prior order and were outside the scope of our order on remand. We do not reach plaintiff's argument that the doctrine of the law of the case bars reconsideration of these issues, however. The district court in its discretion received new evidence and argument, and we agree with its determination that defendants' arguments are wholly without merit. *See Furlong v. Shalala,* 238 F.3d 227, 235 n. 4 (2d Cir.2001) (noting that doctrine of law of the case is purely discretionary); *DiLaura v. Power Auth.,* 982 F.2d 73, 76 (2d Cir.1992) (noting that the doctrine is not a limit on a court's power to reconsider its decisions).

Defendants fail to establish that the $529,000 in question was paid for any of the purposes specified at 29 U.S.C. § 207(h)(2), and thus their claim that this Court's prior denial of a § 207(h) credit was error is baseless.[1] *See Harold Levinson Assocs., Inc.,* 37 Fed.Appx. at 20 (rejecting claim to offset because "this case does not involve payments that satisfy the requirements of [§ 207(h) ]"). As to the calculation of damages, the district court correctly found that the evidence adduced by defendants at the second trial did not call into question the reasonableness of the formula this Court previously settled on to determine overtime hours worked between May of 1992 and October of 1993. *See id. at 22.* Defendants' evidence consisted of a damages calculation which assumed, quite implausibly, that overtime person-hours

---

\* Hon. Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

1. *Compare* 29 U.S.C. § 207(h)(2) (providing, via cross-reference to 29 U.S.C. § 207(e)(5), that credit is available for, *inter alia,* "compensation provided by a premium rate for certain hours worked by the employee" in excess of the maximum applicable workweek) *with* Defs.' Br. at 18 (arguing that pretrial stipulations bind this Court to find that the funds in question were premium "pay for which no overtime was worked"). Defendants fail to point to any evidence suggesting that § 207(e)(5), (6) or (7), as incorporated in § 207(h)(2), are applicable.

grew in direct proportion to gross sales measured in dollars or sales measured by the number of cigarette cartons shipped (defendants do not bother to specify which). There was no evidence to support the crucial assumption that HLA took no steps to increase productivity as its business grew; indeed, as the district court correctly found, there was no direct evidence at all concerning the impact of this growth on HLA's personnel to rebut the credible testimony of employees at the first trial that their hours remained relatively constant during the relevant period. *See id.* The calculations did not include even the rudimentary step of controlling for change in the number of employees over time, which would certainly affect the number of overtime hours worked. This Court's instructions in its prior order yield a reasonable estimate of damages, and the district court did not err in rejecting defendants' unreasonable and belatedly proffered alternative. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946); *Reich v. Southern New England Telecomm. Corp.,* 121 F.3d 58, 67 (2d Cir.1997). Defendants assign no other error to the calculation the district court performed pursuant to our instructions.

For these reasons, we affirm the judgment of the district court in all respects.

